# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GLORIA EATON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE LITIGATION PRACTICE GROUP, P.C.,<br><br>    Defendant. | FILE NO.: _____<br>NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)<br><br>***(DIVERSITY JURISDICTION AND FEDERAL QUESTION JURISDICTION)***<br><br>(Removed from the State Court of the State of Georgia, County of DeKalb, Case No. 22A00366)<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant The Litigation Practice Group, P.C. (hereinafter "LPG") hereby removes the above-captioned action to this Court from the State Court of the State of Georgia, County of DeKalb (Case No. 22A00366) (hereinafter "State Action"). As set forth herein, LPG has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has both federal question jurisdiction and diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), respectively.

## I.  PROCEDURAL REQUIREMENTS

1. The State Action was commenced by Plaintiff filing a lawsuit in Georgia State Court, DeKalb County, on January 28, 2022.  A copy of Plaintiff's Complaint is attached at Exhibit A. A copy of all other process, pleadings, and items in possession of Defendant from the State Action is attached at Exhibit B, as required by 28 U.S.C. § 1446(a).

2. This Notice is timely, as it is filed within one year of the State Action's commencement on January 28, 2022, and within 30 days of receipt of the Plaintiff's Complaint, which was on February 3, 2022.  See 28 U.S.C. § 1446(b)(1).

3. The State Action is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division, as that is the "district and division embracing the place where [the State Action] is pending."  See 28 U.S.C. § 1441(a); see also 28 U.S.C. § 90(a)(2) (listing DeKalb County as within the Atlanta Division of the Northern District of Georgia).

4. LPG will promptly file a copy of this Notice of Removal with the clerk of the Georgia State Court, DeKalb County, and will serve a copy on the other parties to the State Action, as required by 28 U.S.C. § 1446(d).

## II.  BACKGROUND

5. The Plaintiff, Gloria Eaton, proposes a class action for alleged violations of the Georgia Debt Adjustment Act ("GDAA"), O.C.G.A. § 18-5-1 *et seq* and The Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679.  [See Complaint.]

6. The Plaintiff proposes that the class action as to the GDAA claim is on behalf of all Georgia residents who have done business with LPG from July 1, 2003 to the present. [Complaint, ¶ 1.]

7. The Plaintiff proposes that the class action as to the CROA claim is on behalf of all Georgia residents who have done business with LGP within the five years preceding the filing of this Complaint. [Complaint, ¶ 1.]

8. The Plaintiff alleges that LPG is a credit repair organization as that term is defined under 15 U.S.C. § 1679a(1). [Complaint, ¶ 12.]

9. The Plaintiff contends that LPG received payments from Plaintiff for the purpose of improving her credit record, credit history, or credit rating. [Complaint, ¶ 13.]

10. Plaintiff contends that LPG violated CROA by paying itself moneys it received from Plaintiff for services not yet rendered, and, therefore, Plaintiff and the

class members are entitled to recover damages pursuant to 15 U.S.C. § 1679g(a)(1). [Complaint, ¶¶ 16, 20.]

11. The Plaintiff contends that LPG services debtors in the management of their debts and contracts with debtors for a fee to affect the adjustment, compromise, or discharge of any account, note or other indebtedness of the debtor. Accordingly, the Plaintiff contends that LPG is a debt adjuster as that term is defined under O.C.G.A. § 18-5-1 asserting [Complaint, ¶¶ 22-23.]

12. The Plaintiff alleges that LPG accepted from the Plaintiff a charge, fee, or contribution that was 100% retained by LPG as a fee. Plaintiff contends that the retention of all payments by Plaintiff and the class violated the GDAA because the sums were in an amount in excess of the statutorily allowed 7.5% permitted by the GDAA to be retained from funds paid by Plaintiff. [Complaint, ¶ 33.]

13. Plaintiff contends that due to LPG's violations of the GDAA, LPG is liable to the Plaintiff and the class members pursuant to O.C.G.A. § 18-5-4(b)(2) in an amount equal to the total of all fees, charges, and/or contributions paid by Plaintiff and the class members to LPG. [Complaint, ¶ 34.]

### III.  GROUNDS FOR REMOVAL

**A. Federal Question Jurisdiction Under 28 U.S.C. § 1441(a)**

14. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." [See 28 U.S.C. § 1331.]

15. "Under 28 U.S.C. § 1331, a federal court may exercise jurisdiction over a case if it presents a question of federal law. Federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Citimortgage, Inc. v. Dhinoja, 705 F.Supp.2d 1378, 1381 (N.D. Ga. 2010) (internal citations and quotation marks omitted).

16. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

17. The Plaintiff asserts that LPG violated CROA, and requests relief pursuant to 15 U.S.C. § 1679g(a)(1). [See Complaint, ¶¶ 16, 20.] Accordingly, the Plaintiff's Complaint presents a federal question on its face, giving this Court jurisdiction over this action pursuant to 28 U.S.C. § 1331.

    **B. There Is Complete Diversity Between the Parties**

18. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

19. The Plaintiff presumably is now, and was at the commencement of this action, a citizen of the State of Georgia. [Complaint, ¶ 2.]

20. Defendant LPG is now, and was when the State Action was filed, a citizen of the State of California. [Complaint, ¶¶ 3-4.]

21. Defendant LPG is a P.C. incorporated in the State of California with its principle place of business in California.

22. There are no other parties to the lawsuit.

    **C. The Amount In Controversy Exceeds $75,000.00**

23. The Plaintiff claims that as a result of LPG's alleged violation of the GDAA, she and the members of the proposed class are entitled to recover actual damages and punitive damages pursuant to 15 U.S.C. § 1679g(a)(1) and 15

U.S.C. § 1679g(a)(2)(A) respectively, as well as attorney's fees and costs pursuant to 15 U.S.C. 1679g(a)(3). [Complaint, ¶ 20.]

24. The Plaintiff claims that as a result of LPG's alleged violation of CROA, she and the members of the proposed class are entitled to recover in an amount "equal to the total of all fees, charges, and/or contributions paid by Plaintiff and the Class Members to the Defendant, plus statutory damages in the amount of $5,000.00 per Class Member." [Complaint, ¶ 34.]

25. The serious allegations made by the Plaintiff in the Complaint, as well as Plaintiff's class action proposals, makes clear that this exceeds the $75,000.00 amount in controversy requirement.

## IV.  RESERVATION OF RIGHTS

26. LPG denies the allegations contained in Plaintiff's Complaint, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in LPG's favor.

Respectfully submitted this 4th day of March, 2022.

HUFF, POWELL & BAILEY

*/s/ Devon G. Zawko*

_____
DANIEL J. HUFF
Ga. Bar No. 374860

|  |  |
|---|---|
|  | DAVID D. MACKENZIE<br>Ga. Bar No. 796972<br>DEVON G. ZAWKO<br>Ga. Bar No. 212490 |
| 999 Peachtree Street, NE<br>Suite 950<br>Atlanta, Georgia 30309<br>(404) 892-4022<br>(404) 892-4033 (Fax)<br>dhuff@huffpowellbailey.com<br>dmackenzie@huffpowellbailey.com<br>dzawko@huffpowellbailey.com | *Counsel for Defendant The Litigation Practice Group, P.C.* |

## CERTIFICATE OF SERVICE

This is to certify that I have this day presented the within and foregoing **NOTICE OF REMOVAL** in Times New Roman 14-point font to the Clerk of Court by filing and uploading to the CM/ECF system and by depositing same in the United States Mail with sufficient postage thereon to assure delivery to the following attorneys of record:

| | |
|---|---|
| James W. Hurt, Jr.<br>HURT STOLZ, P.C.<br>1551 Jennings Mill Road<br>Suite 3100-B<br>Watkinsville, Georgia 30677<br>jhurt@hurtstolz.com | James M. Feagle<br>Chelsea R. Feagle<br>SKAAR & FEAGLE, LLP<br>2374 Main Street, Suite B<br>Tucker, Georgia 30084<br>jfeagle@skaarandfeagle.com |

This 4th day of March, 2022.

HUFF, POWELL & BAILEY

*/s/ Devon G. Zawko*
_____
DANIEL J. HUFF
Ga. Bar No. 374860
DAVID D. MACKENZIE
Ga. Bar No. 796972
DEVON G. ZAWKO
Ga. Bar No. 212490

999 Peachtree Street, NE
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
(404) 892-4033 (Fax)

*Counsel for Defendant The Litigation Practice Group, P.C.*